UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUNTY OF SANTA CLARA, et al., <br> Plaintiffs, <br> v. <br> KE "JASON" WANG, et al., <br> Defendants. | Case No. 5:20-cv-05823-EJD <br><br> **ORDER REMANDING CASE** <br> Re: Dkt. No. 29 |

The People of the State of California (the "State") and County of Santa Clara (the "County" and together with the State, "Plaintiffs") brought this public nuisance action against Defendants Ke "Jason" Wang, Chunyan "Cathy" Ge, Woodside Capital LLC, Walnut Venture LLC, and Morgan Venture LLC (collectively, "Defendants") in the Superior Court of the State of California for the County of Santa Clara (the "Superior Court"). On August 17, 2020, Defendants filed a Notice of Removal in this Court. On August 25, 2020, Plaintiffs filed a Motion to Remand the case to Superior Court. For the reasons stated below, the Court *sua sponte* remands the case to the Superior Court.

**I.  Background**

Plaintiffs allege that Defendants have created or allowed a myriad of public nuisances on five separate properties (the "Properties") in unincorporated Morgan Hill in Santa Clara County. Plaintiffs allege that Defendants illegally converted four of the Properties from protected agricultural land into illegal, polluted junkyards, trucking facilities, and RV parks. In particular, Plaintiffs allege that Defendant has graded prime agricultural land and caused severe and potentially irreversible damage to the topsoil by paving it with gravel and base rock, installed

Case No.: 5:20-cv-05823-EJD
ORDER REMANDING CASE

1  unsafe electrical systems, built and altered structures without permits, failed to comply with fire
2  codes, and stored disabled vehicles and hazardous materials.  Plaintiffs allege that Defendants
3  violated multiple County Zoning Ordinances, grading provisions, building provisions, state codes,
4  environmental health provisions, and fire protection provisions of the County Ordinance Code.

5  Plaintiffs filed their Complaint in the Superior Court on July 9, 2020.  Dkt. No. 2-1.  On
6  July 24, 2020, Plaintiffs filed an *Ex Parte* Motion for a Restraining Order, requesting that the court
7  temporarily restrain Defendants from maintaining the alleged public nuisances on the Properties.
8  Dkt. No. 3.  Defendants filed opposition briefs on July 27, 2020.  Dkt. Nos. 8, 8-1, 8-2.  The
9  Honorable Peter H. Kirwan held an *ex parte* hearing on July 28, 2020, after which he granted
10 Plaintiffs' application in full and issued a temporary restraining order ("TRO").  Dkt. No. 8-3.
11 Judge Kirwan further issued an Order to Show Cause Regarding a Preliminary Injunction and
12 scheduled a hearing for September 8, 2020.  *Ibid*.  The TRO remains in effect until September 8,
13 2020.

14 On August 13, Defendants filed a Notice of Removal in the Superior Court.  They later
15 filed a Notice of Removal in this Court on August 17, 2020.  On August 25, 2020, Plaintiffs filed a
16 Motion to Remand in this Court.  Dkt. No. 29.  That motion is scheduled to be heard on November
17 12, 2020.  On August 31, 2020, Plaintiffs filed an Administration Motion to Extend the Temporary
18 Restraining Order Pending This Court's Decision on Plaintiffs' Motion to Remand.  Dkt. No. 30.
19 The Administrative Motion indicated that Defendants intend to oppose that motion.  *Ibid*.

20  **II.  Legal Standard**

21 "Federal courts are courts of limited jurisdiction" and may only hear cases falling within
22 their jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
23 Generally, a defendant may remove a civil action filed in state court if the action could have been
24 filed originally in federal court.  28 U.S.C. § 1441.  The removal statutes are construed
25 restrictively so as to limit removal jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S.
26 100, 108-09 (1941).  The Ninth Circuit recognizes a "strong presumption against removal." *Gaus*
27 *v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted).  Any doubts
28 Case No.: 5:20-cv-05823-EJD
ORDER REMANDING CASE
2

as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

The burden is on the removing defendant to establish the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). When plaintiffs raise a factual attack on the defendants' jurisdictional allegations, the defendants "must support [their] allegations with competent proof." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). In doing so, Defendants must prove by a preponderance of the evidence that the jurisdictional bases are satisfied. *See id.* (citing *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)).

A federal court has an independent duty to ascertain its jurisdiction and may remand a case *sua sponte* for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Gaus*, 980 F.2d at 566.

**III.     Discussion**

Defendants removed this case on the basis of diversity jurisdiction, citing 28 U.S.C. § 1332(a)(3). A federal court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The rule requires complete diversity; every plaintiff must be diverse from every defendant. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A court ordinarily looks to the face of the complaint to determine whether diversity of citizenship exists. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

Defendants claim to be citizens of, and to be domiciled in, the People's Republic of China. Defendants further assert that the only members of the LLC defendants are citizens of the People's Republic of China. Defendants thus assert that there is complete diversity because Plaintiffs are citizens of California. Plaintiffs argue in their Motion to Remand that Defendants are domiciled in

Case No.: 5:20-cv-05823-EJD
ORDER REMANDING CASE

3

California and that Defendants have failed to provide evidence to the contrary.

Regardless of where Defendants are located, Defendants' assertion that Plaintiffs are citizens of California is incorrect as a matter of law. "Public nuisance actions are . . . brought on the People's behalf." *People of the State of Cal. v. Purdue Pharma L.P.*, No. SACV 14-1080-JLS (DFMx), 2014 WL 6065907, at *2 (C.D. Cal. Nov. 12, 2014). Thus, Plaintiffs bring this public nuisance action on behalf of the People of the State of California and the real party in interest is the State itself. *See id.* at *2 (granting plaintiff State of California's motion to remand and holding it was the real party in interest in action brought by the Offices of County Counsel for both Orange County and Santa Clara County); *People ex rel. Gallo v. Acuna*, 14 Cal. 4th 1090, 1109, 60 Cal. Rptr. 2d 277, 929 P.2d 596 (Cal. 1997) (noting that public nuisance actions are brought to vindicate "the community's exercise and enjoyment of rights common to the public"); *People v. Lim*, 18 Cal. 2d 872, 87 (Cal. 1941) (noting that such actions are "on behalf of the state").

A state is not a citizen of itself and thus cannot be party to a diversity action. *Fifty Assocs. v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). Because the State of California is the real party in interest in this nuisance action, diversity jurisdiction does not exist in this matter. Defendants do not assert any other grounds for removal jurisdiction. Because the court does not have subject-matter jurisdiction over this case, *sua sponte* remand is appropriate.

### IV. Conclusion

The case shall be remanded to Superior Court for lack of federal subject-matter jurisdiction. Plaintiffs' pending Motion to Remand (Dkt. No. 29) and Administrative Motion (Dkt. No. 30) are TERMINATED as moot.

**IT IS SO ORDERED.**

Dated: September 1, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-05823-EJD
ORDER REMANDING CASE

4